David J. FRIES, Plaintiff–Appellant,

v.

CHICAGO & NORTHWESTERN TRANSPORTATION COMPANY, Defendant–Appellee.

No. 89–1985.

United States Court of Appeals, Seventh Circuit.

Argued May 1, 1990.

Decided Aug. 13, 1990.

Rehearing Denied Oct. 10, 1990.

---

Joseph P. Duffey, Milwaukee, Wis., Jeanne L. Sathre, Roy W. Strawn, Lakin & Herndon, Wood River, Ill., for plaintiff-appellant.

Brian D. Baird, Clifford R. Haggenjos, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for defendant-appellee.

Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and PELL, Senior Circuit Judge.

BAUER, Chief Judge:

Plaintiff David J. Fries appeals from the district court's judgment granting defendant Chicago & Northwestern Transportation Company's (C & NW) motion to dismiss on grounds that the statute of limitations had run on his action brought under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60. For the reasons set forth below, we affirm.

I.

Appellant was employed by C & NW as a machinist from April 10, 1969 to September 15, 1987. In 1980 or 1981 Fries first noticed a decline in his hearing and he began experiencing tinnitus in either 1981 or 1982.

Although both Fries and his wife stated at their depositions that they did not know his hearing problems were work-related, Fries admitted that in 1981 and 1982 the frequency of the ringing would increase toward the end of the work day, worsen throughout the work week, and would only subside after two days of quiet on the weekend. In order to recuperate, he needed silence for two hours after returning home from work because he "just felt terrible." The Fries indicated, however, that they could not ascribe the hearing loss to a cause other than work. Both acknowledged that they suspected he had a hearing loss as far back as 1980 and 1981. At no time did appellant inform the railroad that he was having problems with his hearing, nor did he seek medical treatment for his hearing loss before 1985. In fact, not until appellant was required to submit to a full physical in May, 1985 before returning to work following unrelated medical leave was he diagnosed by a physician with hearing loss and informed that his employer would be notified.

Fries filed this action in federal district court on November 18, 1987 under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60 seeking monetary damages for his hearing impairment. Fries alleged that C & NW acted negligently in requiring appellant to work near loud industrial noise and in failing to provide appellant with ear protection. Defendant moved to dismiss on grounds that plaintiff's action was time barred by FELA's three year statute of limitations. 45 U.S.C. § 56. The railroad argued before the district court, and argues again on appeal, that Fries' cause of action accrued in 1980 or 1981 when the alleged occupational disease became known to him and when he should have reasonably known the injury was work-related. Plaintiff asserted that his cause of action did not accrue until 1985 when he had actual knowledge, by way of diagnosis, that his injury was caused by his work environment.

The district court, applying the rule set forth in *Drazan v. United States*, 762 F.2d 56, 59 (7th Cir.1985), agreed with defendant and found that Fries' cause of action ac-

crued in 1981 when he knew the fact of his injury and should have reasonably discovered its cause. The court held that plaintiff failed in his duty to investigate "as a reasonably diligent person would," and that but for the re-entry physical made necessary by an unrelated illness plaintiff might not have discovered his injury's cause to date.

### II.

This court reviews de novo the district court's grant of summary judgment. *Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc.*, 883 F.2d 569, 573 (7th Cir. 1989); *Greer Properties, Inc. v. LaSalle Nat'l Bank*, 874 F.2d 457, 459 (7th Cir. 1989). Further, in order to affirm we must find (1) that the statute of limitations has run and (2) there exists no genuine issue of material fact as to when the plaintiff's cause of action accrued. *Evenson v. Osmose Wood Preserving Co. of America, Inc.*, 899 F.2d 701, 703 (7th Cir.1990) (citations omitted).

Section 56 of FELA provides that no cause of action may be maintained under the statute "unless commenced within three years from the day the cause of action accrued." Accrual is defined in terms of two components, the injury and its cause, for statute of limitations purposes. In *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), the Supreme Court stated that when the specific date of *injury* cannot be determined because an injury results from continual exposure to a harmful condition over a period of time a plaintiff's cause of action accrues when the injury manifests itself. *Id.* at 170, 69 S.Ct. at 1024–25. Urie had been continuously exposed to silica in his work environment over the course of several years. In the absence of a rule that tolled the limitations period until the injurious effects manifested themselves, the Court reasoned, the law would require a blamelessly ignorant plaintiff to discover the inherently unknowable injury at its inception. Such a reading of FELA would provide persons injured in this manner with a "delusive remedy." *Id.* at 169–70, 69 S.Ct. at

1024. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) refined the rule announced in *Urie.* In *Kubrick,* plaintiff brought a malpractice suit pursuant to the Federal Tort Claims Act alleging he was injured when a doctor improperly treated his wound with neomycin. The Court stated that once a plaintiff is in possession of the critical facts of both injury and governing cause of that injury the action accrues even though he may be unaware that a legal wrong has occurred. *Id.* at 122–23, 100 S.Ct. at 359–60.

 Following the guidance of the Supreme Court in both *Urie,* 337 U.S. at 170, 69 S.Ct. at 1024–25, and *Kubrick,* 444 U.S. at 120–21 n. 7, 100 S.Ct. at 358–59 n. 7, this circuit adopted the rule that a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause. *Nemmers v. United States,* 795 F.2d 628, 629 (7th Cir.1986); *Lancaster v. Norfolk and Western Ry. Co.,* 773 F.2d 807, 820–21 (7th Cir.1985), *cert. denied,* 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 788 (1987); *Drazan v. United States,* 762 F.2d 56, 59 (7th Cir.1985); *Stoleson v. United States,* 629 F.2d 1265, 1268 (7th Cir.1980). Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause. *Urie,* 337 U.S. at 170, 69 S.Ct. at 1024–25 (did plaintiff have reason to know he was injured at an earlier date); *Nemmers,* 795 F.2d at 631 (employing objective standard to evaluate question of when diligent plaintiff would have discovered cause). Moreover, the injured plaintiff need not be certain which cause, if many are possible, is the governing cause but only need know or have reason to know of a potential cause. *Nemmers,* at 631–32; *Drazan,* 762 F.2d at 59. That this rule imposes on injured plaintiffs an affirmative duty to investigate the potential cause of his injury has not been lost on the courts. However, to apply any other rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant, *Nemmers,* at 632, and to preclude litigation of stale claims. *United States v. Kubrick,* 444 U.S. at 117, 100 S.Ct. at 356–57; *Steele v. United States,* 599 F.2d 823, 829 (7th Cir.1979).

### III.

Appellant argues that the district court erred in its application of the discovery rule, as enunciated above and by the district court, to the facts of this case. Fries first argues that because he had not been diagnosed in 1981 with a hearing loss and because his loss continued to worsen beyond that date, the statute of limitations was tolled until 1985 when a doctor diagnosed his hearing loss. This court should evaluate injuries like his that are cumulative in nature, continues Fries, differently from injuries resulting from a single, discrete act.

██ As an initial matter appellant's claim is correct. Whether the injury is caused by a discrete, discernible act or inflicted over time with an unknowable onset date does affect a court's evaluation of the accrual date in terms of the injury. Beyond that initial matter, however, Appellant's argument misses the essence of the rationale articulated in *Urie* and its progeny. The *Urie* Court sought to ameliorate the harshness of statutes of limitations when the injury is hard to detect at its inception. In order to do so the Court adopted the rule that in such circumstances the plaintiff cannot be said to know of the injury—although incurred or instigated at an earlier point in time—until it manifests itself to the individual. What the *Urie* Court did not do was provide an escape for plaintiffs who are aware that some type of injury exists yet who choose to ignore it by failing to seek diagnosis and investigate the cause. *Kubrick,* 444 U.S. at 120–21 n. 7, 100 S.Ct. at 358–59 n. 7. The tolling permitted by *Urie* only extends the limitations period to the date when the injury manifests itself, not beyond.

 *Kubrick* says as much. The Court held in *Kubrick* that a plaintiff must act diligently and cannot wait until the injury

is actually made known to him by some unplanned incident, such as the unexpected medical diagnosis that occurred here. Rather, upon experiencing symptoms a plaintiff has a duty to investigate both the injury and any suspect cause. *Kubrick*, 444 U.S. at 123, 100 S.Ct. at 360. As the district court aptly stated, "[t]o allow a plaintiff to unilaterally postpone the running of the statute of limitations by negligently failing to investigate the fact of and cause of his injury would thwart the legislative intent of 45 U.S.C. § 56." Moreover, as stated above, our case law holds explicitly to the contrary and only requires a finding that a plaintiff should have known of an injury, not that he possess actual knowledge. E.g., *Nemmers*, at 631. That defendant's injury had not reached its maximum severity in 1981 but continued to progress does not affect this result. *Lancaster v. Norfolk and Western Railway Co.*, 773 F.2d 807, 820–21 (7th Cir.1985).

■ Appellant's other argument, that he did not have actual knowledge of the cause in 1981 nor did evidence exist at that time which linked his injury to his work, must also be rejected. Actual knowledge by the plaintiff of causation is not necessary to a finding that a cause of action has accrued. *Nemmers*, 795 F.2d at 631; *Drazan*, 762 F.2d at 59. Plaintiff mistakenly relies on this circuit's decision in *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980) for the proposition that a plaintiff's cause of action does not accrue until suspicion of causation ripens into actual knowledge even though he knows of his injury. In *Stoleson* the question was whether plaintiff knew or should have discovered that her continued exposure to nitroglycerin at work caused her heart attack and subsequent complications. Although Stoleson made several inquiries in an attempt to verify her suspicion that her medical problems were caused by chronic exposure to the chemical, each expert consulted opined either that no causal connection existed or that medical science had not recognized any causal relationship between the exposure and heart problems. The court determined that it was not until the medical community first identified and recognized

the causal connection (in a medical publication) did plaintiff know or could have known that her injury was caused by the environment at work. *Id.* at 1270. This factual distinction is not present here.

Appellant cites two additional cases in support of the proposition that actual knowledge is necessary before accrual occurs. This reliance is misplaced, however, as each is easily distinguishable from the case at bar. In *Dubose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026 (5th Cir. 1984), *cert. denied*, 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984), the court stated that its determination of when a plaintiff can be charged with an awareness of his injury may depend upon factors unique to each case such as, for example, how many potential causes exist and erroneous medical advice. *Id.* at 1031. As previously noted, this circuit rejects the idea that when a plaintiff suspects several causes the cause of action does not accrue until the governing, or even most probable, cause is known. *Nemmers*, 795 F.2d at 631.

Moreover the *Dubose* rule, even if applicable, does not help appellant. First, the deposition testimony clearly reveals that Fries knew, at a minimum, that work aggravated his hearing problem and that neither he, nor his wife, could ascribe the loss to any other cause such as his army service. Fries' testimony also ruled out the possibility that any other illness could have caused the loss. Hence, this is not a case where several potential causes existed which could have caused or contributed to Fries' hearing loss. Second, Fries never consulted a doctor about his hearing loss and, accordingly, cannot argue that he was misled in the same sense that Dubose was misled.

Finally, in *Emmons v. Southern Pacific Transp. Co.*, 701 F.2d 1112 (5th Cir.1983), the plaintiff brought suit pursuant to FELA on grounds that his employer negligently aggravated a previously existing ankle problem. The plaintiff argued that his cause of action did not accrue until he received a second professional diagnosis linking his injury to work in 1977. Em-

mons, however, testified at trial that he had learned his problem was work-related before that time because of a previous consultation with a physician in 1974 who had confirmed his suspicion. The *Emmons* court reiterated the rule that the "limitations period for occupational diseases begins to run when the employee knows, or reasonably should know, that his condition is a disease which arose out of his employment." 701 F.2d at 1121 (quoting *Aerojet–General Shipyards, Inc. v. O'Keeffe*, 413 F.2d 793, 795–96 (5th Cir.1969)). The court recognized, however, that the only issue was whether Emmons knew or should have known that his injury was work related before November 1, 1985, exactly three years before he filed suit. Because Emmons clearly knew that his ankle problem was work related as a result of a professional diagnosis in 1974 the court did not need to address whether Emmons should have been aware of causation before that time because, as of that date, he had actual knowledge of the cause. This is the very issue presented here.

In sum, our application of the principles outlined above to the question of when Fries' action accrued dictates a finding that the statute of limitations ran in 1984, three years after Fries knew, or should have known in the exercise of reasonable diligence, of both his injury and its cause. Fries began work for the railroad in 1969 and, although he alleges in his complaint that he was exposed to injurious noises since that time, the clock did not begin running on his FELA claim until the injury manifested itself and he should have reasonably known its cause in 1981. The district court determined that a reasonable person, when confronted with the facts Fries possessed in 1981 about his hearing loss and nature of the injury as described above, would have investigated the cause of his injury. We agree with this determination and find that the district court's finding is clearly reasonable. *Evenson v. Osmose Wood Preserving Co. of America, Inc.*, 899 F.2d 701, 704 (7th Cir.1990).

## IV.

■ Appellant makes his final argument—that the district court erred in applying the discovery rule at all—for the first time on appeal. This circuit has long held that a party may not raise an issue on appeal that was not urged before the district court, *Lektro–Vend Corp. v. Vendo Co.*, 545 F.2d 1050, 1059 (7th Cir.1976), *rev'd on other grounds*, 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977), unless the issue is one of jurisdiction or involves "exceptional circumstances requiring as a matter of justice that the waiver rule be set aside." *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 359 (7th Cir.1987) (citations omitted). We do not find that this case presents us with such circumstances. Accordingly, the district court's order dismissing Fries' complaint is

AFFIRMED.