**Eugene FRASURE, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPANY, Defendant.**

**No. CV 91–560 CBM (Ex).**

United States District Court, C.D. California.

Nov. 1, 1991.

Lawrence P. Riff, Los Angeles, Cal., for defendant.

Anthony S. Petru, Oakland, Cal., for plaintiff.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

CONSUELO BLAND MARSHALL, District Judge.

This matter is before the Court on the motion of defendant Union Pacific Railroad, Company ("UP") for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. At the September 16, 1991 hearing, the Court granted defendant's motion and hereby issues the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. UP is a corporation organized and doing business in the State of California.

2. Frasure was employed by UP for over thirty years as a switchman, brakeman, and conductor working on and around defendant's freight trains, cabooses, and engines until his retirement on January 8, 1991.

3. Plaintiff suffered a hearing loss while employed on UP's regular run between Los Angeles and Yermo, California.

4. In response to his wife's suggestion that he seemed to be having difficulty hearing, plaintiff had his hearing tested in January 1987 by Dr. Youngreen, a UP physician.

5. After Dr. Youngreen examined plaintiff, Youngreen noted in plaintiff's medical records, "wife says he can't hear, ext. auditory canals clear. Drums ok," and referred plaintiff to Dr. Stoneman to be tested.

6. In January 1987, Dr. Stoneman tested plaintiff. Dr. Stoneman informed plaintiff that he had suffered some loss of hearing and should return in one year for another test.

7. Dr. Stoneman did not tell plaintiff— nor did plaintiff ask—the cause of his hearing loss. At his deposition, however, plaintiff testified that at the time he saw Dr. Stoneman, he believed that any hearing loss he may have suffered was related to his work on the railroad around loud noises and whistles.

8. Plaintiff filed suit for damages under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, on January 31, 1991.

9. To the extent any Conclusions of Law are deemed to be Findings of Fact, they are hereby incorporated into these Findings of Fact.

### CONCLUSIONS OF LAW

1. "[Summary] judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56.

2. "When a motion for summary judgment is made, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

3. To withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

4. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48, 106 S.Ct. at 2510, 91 L.Ed.2d 202 (emphasis in original).

5. In ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable

inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. at 2513, 91 L.Ed.2d 202.

6. "[I]f the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine factual dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

7. "[I]f the factual context makes the non-moving party's claim *implausible*, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Id., citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (emphasis in original).

8. The statute of limitations for claims brought under the FELA is three years from the day the cause of action accrued. 45 U.S.C. § 56.

9. "Compliance with 45 U.S.C. § 56 is a condition precedent to an injured employee's recovery in a FELA action." *Emmons v. Southern Pac. Transp. Co.*, 701 F.2d 1112, 1117 (5th Cir.1983).

10. To defeat a motion for summary judgment based on the statute of limitations, "[t]he burden is therefore on [plaintiff] to allege and to prove that his cause of action was commenced within the three-year period." *Id.* at 1118.

11. Even if UP was aware from its studies regarding noise levels in its workplace that plaintiff was exposed to excessive noise, UP is not estopped from raising the statute of limitations as a defense.

12. Generally speaking, there are four elements to a claim of estoppel:

(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.

*Clauson v. Smith*, 823 F.2d 660, 661 (1st Cir.1987), *citing Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960).

13. "[O]ne may be estopped from denying the consequences of his conduct where that conduct has been such as to induce another to change his position in good faith or such that a reasonable man would rely upon the representations made." *Id.* at 662 (citations omitted). In *Clauson*, the court noted that it was aware that equitable estoppel could toll the statute of limitations in FELA suits; however, the plaintiff had failed to show that defendant's conduct was so misleading that it caused him not to file suit. *Id.* at 661–62.

14. *See also Courtney v. Union Pac. R.R. Co.*, 713 F.Supp. 305, 307 (E.D.Ark. 1989) ("there can be no estoppel unless the defendant made misrepresentations that induced the plaintiff to delay taking appropriate legal action"); *Glus v. Brooklyn E. Distrib. Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (it is error to dismiss plaintiff's cause of action based on a statute of limitations defense where defendant had allegedly represented to plaintiff he had seven years in which to sue); *Atkins v. Union Pac. R.R. Co.*, 685 F.2d 1146 (9th Cir.1982) (summary judgment based on statute of limitations defense is improper where plaintiff alleges defendant knew he had low intelligence and had assured plaintiff it would settle his claim).

15. In this case, plaintiff has failed to show that UP's conduct was so misleading as to cause him not to file suit on time. Rather, it appears that plaintiff waited until he retired on January 8, 1991 after 30 years of service to sue defendant for a loss of hearing which he believed in 1987 to be job-related.

16. There also is no indication that plaintiff was ignorant of the true facts— one of the requisite elements of an estoppel claim. There is no evidence that plaintiff's

visit to Dr. Stoneman changed plaintiff's belief that his hearing loss was job related.

17. "Some definite, unequivocal behavior must be shown—conduct fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security" in order to maintain an estoppel claim. *Clauson*, 823 F.2d at 663. In the present case, there is no indication that plaintiff relied on defendant's conduct to delay filing suit. Therefore, UP is entitled to raise the statute of limitations as a defense.

■ 18. When the specific date of injury cannot be determined because an injury results from a continuous exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury manifests itself. *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949).

19. "Under *Urie*'s rationale, when an occupational illness is the basis for the claim under FELA, the statute of limitations begins to run when the employee becomes aware of his disease and its cause." *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356 (3rd Cir.1986). *See also Emmons*, 701 F.2d at 1119 (the statute of limitations does not begin to run until the claimant becomes aware that he has been injured and that his injury is work related); *Fries v. Chicago & N.W. Transp. Co.*, 909 F.2d 1092 (7th Cir.1990) (accrual is defined in terms of two components, the injury and its cause, for FELA statute of limitations purposes).

20. Plaintiff was aware of his injury in January 1987 and suspected that its cause was work-related; therefore, plaintiff is barred from recovery because he did not file suit until January 31, 1991.

21. The fact that plaintiff was not officially informed by a doctor of his hearing loss does not prevent the statute of limitations from barring plaintiff's cause of action. *See Fries*, 909 F.2d at 1095 (a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause); *Townley v. Norfolk & W. Ry. Co.*, 887 F.2d 498 (4th Cir.1989)

(statute of limitations begins to run when a person's condition is diagnosed, unless it is shown that the plaintiff should have known at an earlier date that he was injured). *See also Emmons*, 701 F.2d at 1122 ("it [is] sufficient for purposes of commencement of the limitations period that the plaintiff knew his complained of condition was work related, and ... it is not additionally necessary that he have been formally so advised by a physician"); *Meier v. Chicago & N.W. Transp. Co.*, 1991 WL 49620, 1991 U.S. Dist. LEXIS 4081 (N.D.Ill.1991) ("[plaintiff] need not have had actual knowledge that employment conditions had degenerated his hearing, however. Instead, he is considered to have been on notice if a reasonable person in his position would have investigated the possibility that his hearing loss was work related").

22. Plaintiff bears the burden of proving at trial that he did not have the requisite knowledge of both injury and cause prior to January 31, 1988 (three years before he filed suit). Plaintiff conceded in his deposition that he was aware in early 1987 that he had a hearing loss and he believed the hearing loss came from railroad noise. The Court thus finds it implausible that plaintiff was unaware of the cause of his injury in 1987. *Liberty Lobby* and *Celotex Corporation* therefore require this Court to grant summary judgment in defendant's favor on any injury plaintiff incurred prior to January 31, 1988.

■ 23. Even if this Court assumes for the purpose of deciding this motion that plaintiff can prove he has suffered degradation in his hearing between January 15, 1987 and October 24, 1990, the statute of limitations nonetheless bars plaintiff's claims for injuries which were aggravated by exposure to noise after January 1988.

24. The Ninth Circuit does not appear to have addressed the issue of aggravation of injuries which occur after the statutory bar; therefore, this Court has looked to cases in other circuits which have addressed this issue. This Court declines to follow the reasoning of the Third Circuit in *Kichline* upon which plaintiff relies; rath-

er, this Court finds the reasoning of *Fries* and *Meier* more persuasive.

25. In *Fries*, the Seventh Circuit held that simply because plaintiff's injury had not reached its maximum severity at the time of the statutory bar, but continued to progress, does not affect the conclusion that plaintiff's cause of action was time-barred. 909 F.2d at 1096. Relying on this, the Illinois district court in *Meier* rejected plaintiff's reliance on *Kichline* and held that plaintiff's cause of action for aggravation of his condition was also time-barred. 1991 WL 49620, 1991 U.S. Dist. LEXIS 4081. The *Meier* court concluded that a contrary result would allow a plaintiff to "discover the source of a medical condition, miss the filing deadline and then wait several years for the condition to accelerate before charging the defendant with the resulting 'aggravation.'" *Id.*

26. Statutes of limitations provisions reflect the balance struck by Congress for bringing claims against a defendant. *United States v. Kubrick*, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979).[1] In *Kubrick*, the Supreme Court stated it thus was not free to "construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Id.*

27. Similarly in the present case, this Court does not have the authority to rewrite the statute of limitations provided in 45 U.S.C. § 56 and allow plaintiff to avoid the statutory bar and recover for an injury which plaintiff was aware he had suffered since 1987.

28. Summary judgment in favor of defendant Union Pacific Railroad, Company is GRANTED.

29. The Conclusions of Law, insofar as they may be considered Findings of Fact, are so found to be true in all respects.

---

1. *Kubrick* was a suit under the Federal Tort Claims Act, 28 U.S.C. § 2401. The rationale, however, should be applicable to all statutes of limitations. Further, in *Kichline*, the court applied *Kubrick* to a FELA case.