12 F.3d 205
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jack W. REED, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, Defendant-Appellee.
 No. 93-1393.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 31, 1993.
Decided: November 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Herbert J. Arnold, Gerald F. Gay, for Appellant.
 H. Russell Smouse, Stephen B. Caplis, WHITEFORD, TAYLOR & PRESTON, for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINS and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Jack W. Reed appeals the district court's grant of summary judgment to the Defendant in his action pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. Secs. 51-60 (1988). Reed claimed damages for hearing loss caused by his employment with CSX Transportation (CSXT), a railroad.*
 
 
 2
 Reed has worked for the railroad since 1957. While holding a number of different positions, during some periods of his employment he has been exposed to noise sources. Reed noted a hearing loss beginning in the early 1980's. He developed ringing in his ears and had trouble understanding conversations. His employment was the greatest single source of noise. In 1988, a representative of a hearing aid company told Reed that his hearing loss was caused by loud noise. A company physician confirmed this fact in 1990.
 
 
 3
 Reed filed a complaint under FELA on July 27, 1992. CSXT moved for summary judgment on the grounds that Reed's action was barred by the statute of limitations. The district court granted the motion.
 
 
 4
 The grant of summary judgment is reviewed de novo on appeal. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988). A grant of summary judgment should be affirmed if the Court is satisfied that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 5
 Under the FELA, actions must be brought within three years of the day the cause of action accrued. 45 U.S.C. Sec. 56. An action accrues when the plaintiff knew or should have known of the injury and its cause. Urie v. Thompson, 337 U.S. 163 (1949); Young v. Clinchfield R.R., 288 F.2d 499 (4th Cir. 1961). Reed's own deposition makes clear that he knew of damage to his hearing well before 1989. In addition to the ringing in his ears and the difficulty understanding conversation, Reed discussed his problem with his wife and co-workers in the early 1980's.
 
 
 6
 The argument on appeal relates to cause: Reed claimed that he did not know that his employment caused his hearing loss. The district court rejected this argument. The court identified as critical the facts that Reed was advised by a representative of a hearing aid company that the source of his hearing problems was exposure to loud noises, Reed's statement that there was no other significant noise in his life other than the noise associated with his employment, and his earlier discussions with co-workers who also suffered from hearing loss. It concluded that Reed's conscious disregard of information relating to the cause of his hearing loss could not be used to avoid the statute of limitations. See United States v. Kubrick, 444 U.S. 111, 120-21 n.7 (1979) (under Federal Tort Claims Act, 28 U.S.C.A.Secs. 2671-2680 (West 1965 and Supp. 1992), plaintiffs may not avoid statute of limitations by failing to seek diagnosis or investigate cause); Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1094-96 (7th Cir. 1990) (plain tiff has duty to investigate injury and cause). The district court correctly granted the Defendant's Motion for Summary Judgment.
 
 
 7
 Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Reed was first hired by Western Maryland Railway, CSXT's predecessor