# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Axe v. Norfolk Southern Ry. Co.*, 2012 IL App (5th) 110277

---

| | |
|---|---|
| Appellate Court Caption | BILL A. AXE, Plaintiff-Appellant, v. NORFOLK SOUTHERN RAILWAY COMPANY, CONSOLIDATED RAIL CORPORATION, and AMERICAN PREMIER UNDERWRITERS, INC., Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-11-0277 |
| Rule 23 Order filed<br>Motion to publish granted | May 30, 2012<br><br>June 27, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for defendant railways in a retired conductor's action pursuant to the Federal Employers' Liability Act for damages allegedly caused by repetitive trauma to his knees, since plaintiff's cause of action was barred by the three-year statute of limitations where plaintiff reasonably should have known of his injury and its cause more than three years before his complaint was filed, especially when his medical records showed he had had medical treatment for his knees, including arthroscopic surgery and a knee replacement, more than three years before his complaint was filed. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 10-L-879; the Hon. William A. Mudge, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Gerard B. Schneller and R. Seth Crompton, both of Holland, Groves, Schneller & Stolze, LLC, of St. Louis, Missouri, for appellant. |
| | |
| | Kurt E. Reitz and Crystal M. Campbell, both of Thompson Coburn LLP, of Belleville, for appellees. |

| Panel | JUSTICE STEWART delivered the judgment of the court, with opinion. Justices Spomer and Wexstten concurred in the judgment and opinion. |

## OPINION

¶ 1    On August 23, 2010, the plaintiff, Bill A. Axe, a retired railroad conductor, filed his complaint seeking damages against his former employers, Norfolk Southern Railway Company, Consolidated Rail Corporation, and American Premier Underwriters, Inc. (formerly known as Penn Central Transportation Company),[1] pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51-60 (2006)), alleging injuries caused by repetitive trauma to his knees. On June 1, 2011, the circuit court of Madison County granted the defendants' motion for summary judgment on the ground that the plaintiff's cause of action was barred by the three-year statute of limitations (45 U.S.C. § 56 (2006)). In its ruling, the court found that the plaintiff had a duty to investigate the cause of his injuries because his condition of severe degenerative arthritis had been diagnosed and had manifested itself no later than July 24, 2006, more than three years before he filed his complaint. Because the plaintiff reasonably should have known of both the injury and its cause more than three years before filing his complaint, the court granted the defendants' motion for summary judgment. The plaintiff filed a timely notice of appeal.

¶ 2                              BACKGROUND

¶ 3    In 2002, the plaintiff retired from his employment as a freight conductor for the defendants. On August 23, 2010, he filed his complaint, alleging that his job duties required him to "climb onto and ride on and operate locomotive engines." The plaintiff alleged injuries to "his knees and related nerves and soft tissue" as a result of the defendants' negligence. Each of the defendants answered the complaint, and each alleged the affirmative defense that the plaintiff's complaint was barred by the statute of limitations.

_____

[1]In his complaint, the plaintiff also named National Railroad Passenger Corporation (also known as Amtrak) as one of the defendants, but, on the plaintiff's motion, Amtrak was dismissed without prejudice on November 14, 2011, and does not participate in this appeal.

¶ 4        On December 28, 2010, the defendants filed a motion for summary judgment on statute of limitations grounds. The defendants argued that the plaintiff's cause of action for repetitive trauma injury to his knees must have accrued on or after August 23, 2007, which was three years before he filed his complaint, or it was barred by the statute of limitations. The defendants argued that the plaintiff's medical records showed that his claim accrued well before August 23, 2007, and was accordingly barred. The defendants set forth a list of the plaintiff's medical records showing that he underwent right knee arthroscopic surgery in 1992, that he was treated for osteoarthritis in his right knee on September 15, 2003, that he had bilateral knee complaints that began well before July 24, 2006, and that he underwent a left knee replacement on August 23, 2006.

¶ 5        The defendants argued that they were entitled to summary judgment because the plaintiff had failed to show compliance with the three-year statute of limitations under the FELA, a condition precedent to his cause of action. They asserted that the plaintiff's cause of action for repetitive trauma to his knees accrued when he knew or should have known in the exercise of reasonable diligence the essential facts of his injury and its causes. They argued that the case law construing the FELA statute of limitations placed the plaintiff under an affirmative duty to investigate his injury and any suspected cause once his symptoms began. In support of their motion for summary judgment, the defendants attached copies of the plaintiff's relevant medical records.

¶ 6        On March 25, 2011, the plaintiff filed a response to the defendants' motion for summary judgment, arguing that he did not have actual knowledge that his employment caused his injuries until "2009 when he was discussing a possible claim with co-workers." In his response, the plaintiff also argued that he did not have constructive notice that his railroad employment caused his injuries because "he did not know the cause of his injuries until 2009 and his doctors never told him that his injuries were railroad related." He attached his affidavit to his response. In that affidavit, the plaintiff averred that he had twisted his knee at work in 1992, that he had filed a claim and was paid for that injury, and that his current claim was not based on the 1992 injury. The plaintiff also averred as follows:

> "9. During this time [after 1992], the railroad knew that part of my job duties were to get on and off moving equipment; however, the railroad never warned me that it could cause damage to my knees over time by getting on and off moving equipment.
>
> 10. My employers never informed me that my job, over time, could cause knee injuries.
>
> 11. I do not remember any doctor ever informing me that my knee problems in the 2000s were related to my work on the railroad.
>
> 12. In discussing with other co-workers in 2009 or 2010, I began to wonder whether my knee problems were related to my railroad employment."

¶ 7        On June 1, 2011, the trial court entered an order granting the defendants' motion for summary judgment, finding that the plaintiff filed his complaint on August 23, 2010, and that his cause of action for repetitive trauma injuries to his knees must have accrued on or after August 23, 2007, in order to be timely under the FELA three-year statute of limitations. The court found that the plaintiff had been diagnosed with severe degenerative arthritis in both

knees on July 24, 2006, "almost four years after his retirement from the railroad," and that his "employment and retirement status were noted at such time in the medical history." The court pointed out that "the discovery rule make[s] it clear that actual knowledge is not the issue in cases involving latent, cumulative or repetitive trauma injuries; rather, it is when a reasonable person *should have known* of both the injury and its cause." (Emphasis in original.) The court found that "when the specific date of injury cannot be determined because it resulted from continuous exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury manifests itself." The court determined that both of the plaintiff's knees were diagnosed with severe arthritis, and he underwent total left knee replacement surgery more than three years before he filed his complaint.

¶ 8        The court found that the plaintiff had not adequately addressed the issue of whether he reasonably should have known of the cause of his injuries because he had simply denied constructive knowledge without explanation and did not address his affirmative duty to investigate the cause as required by *Fries v. Chicago & Northwestern Transportation Co.*, 909 F.2d 1092 (7th Cir. 1990), and *Tolston v. National R.R. Passenger Corp.*, 102 F.3d 863 (7th Cir. 1996). The court found that the plaintiff had ignored his duty to investigate the cause of his injuries and that "his discussion of a possible claim with co-workers on some unknown date in 2009" did not fulfill that duty. "Rather, a reasonably diligent person would ask his *treating physician* about the possible cause(s), especially in instances of injuries so severe to require total knee replacement surgery, and where he had chronic pain and knee complaints that had been going on for years prior to the diagnosis on July 24, 2006." (Emphasis in original.) Based on these findings, the court ruled that the plaintiff's claim was time-barred and granted the defendants' motion for summary judgment, and this appeal followed.

¶ 9                                                                ANALYSIS

¶ 10       The standard of our review from an order granting summary judgment is *de novo*. *Doe v. Brouillette*, 389 Ill. App. 3d 595, 604 (2009). Summary judgment is proper only if the pleadings, depositions, admissions, affidavits, and other relevant matters of record show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.* "In determining whether a genuine issue of material fact exists, the pleadings, admissions and affidavits are construed strictly against the movant and liberally in favor of the nonmovant." *Id.* A triable issue of fact will preclude summary judgment when the material facts are disputed or where reasonable persons might draw different conclusions from the undisputed facts. *Id.*

¶ 11       Cases filed under the FELA must be filed within three years of the date the cause of action accrued. 45 U.S.C. § 56 (2006). The worker/plaintiff bears the burden of proving that his cause of action commenced within the three-year limitations period. *Bealer v. Missouri Pacific R.R. Co.*, 951 F.2d 38, 39 (5th Cir. 1991) (*per curiam*). Ordinarily, a statute of limitations begins to run at the moment of a plaintiff's injury, which typically coincides with the defendant's tortious act. *DuBose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1028-29 (5th Cir. 1984). However, the plaintiff here has suffered a repetitive trauma injury that

developed over the course of time. In latent injury situations such as this, the discovery rule avoids the mechanical and technical application of the statute of limitations. *Id.* at 1031. Causes of action accrue for statute of limitations purposes "when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Fries*, 909 F.2d at 1095. "Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause." *Id.* It is not necessary that the plaintiff possess actual knowledge of causation in order to find that a cause of action has accrued. *Id.* at 1096. When a plaintiff is "armed with the facts about the harm done to him," he can protect himself against the running of the statute of limitations by seeking advice in the medical and legal community about possible causes. *United States v. Kubrick*, 444 U.S. 111, 123 (1979).

¶ 12    In the case at bar, the record is undisputed that the plaintiff retired as a railroad conductor in 2002 and that he had been treated for severe degenerative arthritis in both knees before July 24, 2006. On that date, his treating physician noted that he presented with bilateral knee complaints that had been "going on for years," that his right knee had historically been worse than his left, that the left knee was causing more problems at that time, and that his left knee bothered him with every step he took. The physician noted that the plaintiff was a retired railroad conductor.

¶ 13    The plaintiff did not present any evidence to show any steps he took to try to learn the cause of his degenerative arthritis, but he simply stated in his affidavit that he "began to wonder" if his knee problems were related to his railroad employment after a discussion with his former coworkers in 2009 or 2010. In his brief before this court, the plaintiff contends that the statute of limitations did not begin to run because "not one medical record from [his] doctors even mentions that his conditions were related to his work on the railroad." From that lack of information, the plaintiff concludes that there is nothing to show that he knew or should have known that the pain was related to his former work. Essentially, the plaintiff's position is that the statute of limitations did not begin to run until he had actual knowledge of the cause of his injury, that he bore no responsibility to seek out possible causes, but that the railroad had an undefined affirmative duty to warn him about the potential dangers of his job. The plaintiff's argument is contrary to the law.

¶ 14    In *Tolston*, 102 F.3d at 864, the plaintiff brought an action against her former employer under the FELA and, like the plaintiff in the instant case, alleged that her severe and permanent knee injuries resulted from her employer's negligence. The trial court in *Tolston* granted the defendant's motion for summary judgment on the ground that the plaintiff's case was barred by the three-year FELA statute of limitations. *Id.* The court of appeals found that the evidence that the plaintiff had suffered from extreme pain and had been regularly treated for that pain was sufficient, from an objective standpoint, "to require some investigation into the potential causes of her condition." *Id.* at 866. The court accepted the plaintiff's assertion that "she never asked anyone about the source of her pain," and it found that she "knew about her medical condition" before the statute of limitations ran and "with the exercise of reasonable diligence should have known about its cause by that time." *Id.*

¶ 15    The relevant facts of *Tolston* are indistinguishable from the case before us. In our case, the plaintiff was being treated for pain and severe degenerative arthritis in both knees before

July 24, 2006, but, for three years or more, he did not seek any advice from anyone in the medical or legal community about the cause of his painful knee problem. Although he retired in 2002, he waited until August 23, 2010, to file this lawsuit. The trial court did not err in finding that, in the exercise of reasonable diligence, the plaintiff should have known about the cause of his condition no later than July 24, 2006, and that the statute of limitations barred his cause of action that was filed more than three years after that date. There is no genuine issue of material fact to preclude the entry of judgment as a matter of law in favor of the defendants.

¶ 16                                    CONCLUSION

¶ 17        For all of the reasons stated, the judgment of the circuit court granting the defendants' motion for summary judgment is affirmed.

¶ 18        Affirmed.