David B. **DEUTSCH,** Plaintiff–Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY,** Defendant–Appellee.

No. 91–2629.

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1992.

Decided Sept. 21, 1992 *.

Opinion Jan. 12, 1993.

---

* This case originally was decided by unpublished order under Circuit Rule 53. The court has subsequently decided to issue the decision as an opinion.

Randolph E. Schum, Blunt & Schum, Edwardsville, IL (argued), John C. Mullen, Christopher Mullen, Mullen & Minella, Chicago, IL, for plaintiff–appellant.

John Newell (argued), Kenneth J. Wysoglad, Michael L. Sazdanoff, Robert J. Prendergast, Wysoglad & Associates, Chicago, IL, for defendant–appellee.

Before POSNER and KANNE, Circuit Judges, and BURNS, Senior District Judge.[**]

JAMES M. BURNS, Senior District Judge.

This case is before us on appeal from a grant of summary judgment to Burlington Northern Railroad Company (Burlington Northern). Deutsch is also appealing the district court's denial of his motion to amend or, in the alternative, to set aside the judgment pursuant to Fed.R.Civ.P. 59.

We have jurisdiction under 28 U.S.C. § 1291 (1988).

## BACKGROUND

*Facts*

On November 11, 1987, Deutsch, a brakeman for Burlington Northern, was switching railroad cars. This switch required, among other physical maneuvering, that Deutsch mount the anchor car while it was moving, stop the car with the handbrake (which, in this particular case, was located on top of the car), and descend by ladder before other cars collided with the anchor car. As he was coming down from the top of the car after tying the handbrake, he slipped on the ladder and dropped 6–8 feet until his right leg caught in the ladder. As a result of the accident, Deutsch required neck surgery and a lengthy recuperation.

*Procedural History*

Deutsch filed an action pursuant to the Federal Employers' Liability Act (FELA),

[**] The Honorable James M. Burns, Senior District Judge for the District of Oregon, is sitting by designation.

45 U.S.C. §§ 51–60 (1988), alleging his injury was a result of Burlington Northern's negligence and requesting costs and $500,000 for damages, pain and suffering, lost wages, and lost earning capacity. Burlington Northern moved for summary judgment on the ground that Deutsch's injury was not due to any negligence on its part. Deutsch responded by asking the court to deny Burlington Northern's motion because it directly addressed only one of Deutsch's three claims. Burlington Northern then filed motions for leave to file a deposition transcript and for leave to file a reply to Deutsch's response to the summary judgment motion. On June 5, 1991, Deutsch was given notice that these motions would be before the court June 11, 1991.

When Deutsch's counsel appeared June 11, he found the court had granted Burlington Northern leave to file its requested motions. That same day Burlington Northern filed a reply specifically addressing two of Deutsch's claims. Deutsch's counsel received a copy of the reply June 12, 1991, the same day the court granted summary judgment to Burlington Northern on all issues. Deutsch then filed a motion under Fed.R.Civ.P. 59 to amend or, in the alternative, to set aside the judgment, contending the above sequence of events constituted a procedural defect in violation of his right to procedural due process under the fifth amendment to the United States Constitution. The court denied Deutsch's Rule 59 motion.

## DISCUSSION

### SUMMARY JUDGMENT

■ A grant of summary judgment is reviewed *de novo*. *See PPG Industries, Inc. v. Russell,* 887 F.2d 820, 823 (7th Cir. 1989). The appellate court's review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). *See generally, Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc.,* 883 F.2d 569, 573 (7th Cir.1989).

■ In his complaint, Deutsch alleged Burlington Northern failed to provide him with a reasonably safe place to work, failed to provide a reasonably proper and adequate ladder on the boxcar free of foreign substance, and failed to equip the boxcar ladder rungs with non-skid metal surfaces. In its motion for summary judgment, Burlington Northern asserted that Deutsch's injuries were not caused by negligence on the railroad company's part. Deutsch now contends the district court erred when it granted summary judgment to Burlington Northern.

■ Deutsch argues summary judgment was improper because a plaintiff making a FELA claim only has to show he was injured in the course of his employment by a rail carrier in furtherance of interstate commerce in order to obtain a jury trial. *See* 45 U.S.C. § 51. Although the requirements for getting a FELA claim before a jury are slight, Deutsch understates the test. "[T]he quantum of evidence required to establish liability in a[ ] FELA case is much less than in an ordinary negligence action"; the case must go to a jury "when there is even slight evidence of negligence." *Harbin v. Burlington Northern R. Co.,* 921 F.2d 129, 131 (7th Cir.1990). *See also Wilson v. Chicago, Milw., St. P., & P.R. Co.,* 841 F.2d 1347, 1353 (7th Cir.), *cert. dismissed,* 487 U.S. 1244, 109 S.Ct. 1, 101 L.Ed.2d 953 (1988). If plaintiff meets that threshold, the issues go to the trier of fact. *See Rogers v. Missouri P.R. Co.,* 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). The district court found Deutsch did not meet his initial burden of proof.

To defeat a motion for summary judgment in a non–FELA case, the nonmoving party must "make a showing sufficient to establish the existence of the elements essential" to its case, *Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co.,* 826 F.2d 725, 728 (7th Cir.1987); in other words, nonmovant must present affirmative evidence that a genuine issue of material fact exists. *Renovitch v. Kaufman,* 905 F.2d 1040, 1044 (7th Cir.1990). In his response to Burlington Northern's motion, Deutsch chose to rest on the allegations in

his complaint;[1] thus, the district court found Deutsch failed to set forth any specific facts or evidence showing a genuine issue of material fact existed concerning Burlington Northern's alleged negligence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). *See also Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir.1989); Fed.R.Civ.P. 56(e).

After reviewing the record, we find Deutsch did not present sufficient evidence to support an inference of negligence on the part of Burlington Northern nor did Deutsch present affirmative evidence showing that a genuine issue of material fact existed concerning Burlington Northern's alleged negligence. For example, Deutsch indicated on the personal injury form provided by Burlington Northern that no defective equipment was involved in his accident; Deutsch presented no evidence suggesting the boxcar ladder was improperly maintained or that a foreign substance coated the ladder; Deutsch presented no evidence regarding the lack of nor the necessity for non-skid metal-surfaced ladder rungs; Deutsch presented no evidence that most hand brakes are located at the bottom of railroad cars; Deutsch presented no evidence that hand brakes located at the top of railroad cars are a safety hazard; and Deutsch presented no evidence that Burlington Northern breached its duty in any manner to provide a safe work place. We find, therefore, Deutsch failed to present a scintilla of evidence to support its claims and failed to show the existence of a genuine issue of material fact concerning Burlington Northern's alleged negligence.

## RULE 59 MOTION

■ A motion to amend or, in the alternative, to set aside the judgment pursuant to Fed.R.Civ.P. 59(e) may only be granted if movant shows there was a mistake of law or fact or presents newly-discovered evidence that could not have been discovered previously. *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir.1992). The district court concluded Deutsch did not present any grounds for altering or amending the judgment. We review the district court's denial of Deutsch's Rule 59 motion for abuse of discretion. *Id.* at 1179.

■ Deutsch's motion was based on the assertion that he was denied his right to due process when the district court permitted Burlington Northern to file a reply but did not afford Deutsch an opportunity to be heard or to respond. According to Local Rule 12(e) of the United States District Court for the Northern District of Illinois, Eastern Division, written notice of intent to present a motion must be served at least two business days before the date of presentment. *See also* Fed.R.Civ.P. 6(d) (written motions shall be served 5 days before hearing date unless *ex parte*). The certificate of service appended to Burlington Northern's Notice of Motion indicates on June 5, 1991, copies of the notice and motion were served on co-counsel for Deutsch (federal expressed to R.E. Schum and hand-delivered to John Mullen); the notice reflected a presentment date of June 11, 1991. Deutsch, therefore, had sufficient time to file a written response in opposition to Burlington Northern's motions but failed to do so. Deutsch was not, therefore, denied an opportunity to respond to Burlington Northern's motions. The record does not reflect a request for oral argument by Deutsch.[2] *See* Local Rule

1. As the district court noted, Deutsch failed to state additional facts, provide affidavits for reference, refer to parts of the record, or refer to other materials in his response to support his claims. Deutsch filed an affidavit only after summary judgment was granted. Burlington Northern's stated facts were, therefore, deemed to be admitted. *See* Local Rule 12(N), Northern District of Illinois, Eastern Division (1990). *See also Tatalovich v. City of Superior*, 904 F.2d 1135 (7th Cir.1990) (appellate court upheld local rules setting forth procedural requirements to be followed on motions for summary judgment). *See generally*, Fed.R.Civ.P. 56(e).

2. There is some confusion in Deutsch's briefs as to whether he is also claiming he was denied the opportunity to be heard as to Burlington Northern's motion for summary judgment. The record does not reflect Deutsch requested oral argument in either event. Fed.R.Civ.P. 56(c) does not require a hearing, and oral argument is deemed to be waived when the opposing party does not request it. *Dredge Corp. v. Penny*, 338 F.2d 456, 461–62 (9th Cir.1964) (citing *Brown v. Quinlan, Inc.*, 138 F.2d 228, 229 (7th Cir.1943)). *See also* Local Rule 12(Q).

12(Q) (oral argument is at the court's discretion).

Deutsch also asserted in his Rule 59 motion that summary judgment was improperly granted because Burlington Northern only addressed Deutsch's claim of negligence relating to frost on the ladder rungs in its motion for summary judgment and did not directly respond to Deutsch's remaining claims until it filed its reply. Deutsch contends the district court permitted Burlington Northern, in effect, to enlarge and to amend its motion for summary judgment when the court granted Burlington Northern's motion for leave to reply. Burlington Northern's reply was filed June 11, 1991, summary judgment was granted to Burlington Northern June 12, 1991, and a copy of the reply was not received by Deutsch until June 12, 1991; consequently, Deutsch contends he was denied his right to due process because he did not have an opportunity to respond to Burlington Northern's "amended" summary judgment motion. The district court, however, found the breadth of Burlington Northern's motion for summary judgment (exclusive of the reply filed later) sufficiently encompassed all of the claims set out in Deutsch's complaint. We agree.

In its motion for summary judgment, Burlington Northern asserted Deutsch's injuries were not caused by any negligence on its part. Burlington Northern pointed out Deutsch acknowledged on the company's personal injury form that his injuries were not the result of defective equipment; Burlington Northern further challenged Deutsch's claims relating to the presence of frost or some other foreign substance on the ladder rungs. Deutsch did not meet his burden to present affirmative evidence to show a genuine issue of material fact existed concerning Burlington Northern's negligence or to support an inference of negligence on the part of Burlington Northern.

We agree with the district court that the original motion for summary judgment filed by Burlington Northern was intended to resolve all of Deutsch's claims of negligence; we, therefore, do not need to consider the procedural sequence of events surrounding Burlington Northern's reply. We also agree with the district court's conclusion that Deutsch did not present sufficient affirmative evidence to defeat Burlington Northern's original motion for summary judgment. We, therefore, find the district court did not abuse its discretion when it denied Deutsch's Rule 59 motion on the grounds that Deutsch failed to give sufficient grounds to amend or, in the alternative, to set aside the judgment.

## CONCLUSION

Based on the foregoing, we find the district court did not err when it granted summary judgment to Burlington Northern. We further find the district court did not abuse its discretion when it denied Deutsch's Rule 59 motion.

AFFIRMED.