In re BEST RECEPTION SYSTEMS, INC., Debtor.

Christopher B. SEALE, Plaintiff,

v.

HOME CABLE CONCEPTS, INC.; Household Retail Services, Inc., Defendants.

HOUSEHOLD RETAIL SERVICES, INC., Counter–Plaintiff, Third Party Plaintiff,

v.

Christopher B. SEALE, Counter–Defendant,

and

Best Reception Systems, Inc., Third Party Defendant.

Bankruptcy No. 97–31372. Adversary No. 97–3232.

United States Bankruptcy Court, E.D. Tennessee.

April 6, 1998.

J. Doyle Fuller, Charles T. Conway, Montgomery, AL, for Christopher B. Seale.

Bradley, Arant, Rose & White, L.L.P., Patrick Darby, Andrew J. Noble, Birmingham, AL, Baker, Donelson, Bearman & Caldwell, Richard B. Gossett, Nelwyn Inman, Knoxville, TN, for Household Retail Services, Inc.

Kramer, Rayson, Leake, Rodgers & Morgan, Thomas M. Hale, Knoxville, TN, for Home Cable Concepts, Inc.

Hodges, Doughty & Carson, Dean B. Farmer, Knoxville, TN, Weems & House, Kyle R. Weems, Chattanooga, TN, for Best Reception Systems, Inc.

## MEMORANDUM ON HOUSEHOLD RE-TAIL SERVICES, INC.'S MOTION TO ALTER OR AMEND

RICHARD S. STAIR, Jr., Chief Judge.

On March 5, 1998, the court entered an Order abstaining from hearing this adversary proceeding pursuant to 28 U.S.C.A. § 1334(c)(1) (West Supp.1997) and remanded the Plaintiff's action to the Circuit Court of Montgomery County, Alabama, pursuant to

28 U.S.C.A. § 1452(b) (West 1994). The Order is accompanied by a Memorandum on Joint Motion to Alter or Amend Judgment Filed by Defendants Beneficial National Bank USA and Hurley State Bank and Plaintiffs' Motions for Abstention and/or Remand (Memorandum) filed the same date.[1]

The court now has before it a Motion to Alter or Amend (Motion) filed by Household Retail Services, Inc. (Household) on March 16, 1998, asking the court to alter or amend its March 5, 1998 Order and Memorandum "to reconsider abstention and remand in light of ... federal diversity jurisdiction ... [and] to transfer this [adversary proceeding] to the United States District Court for the Middle District of Alabama for a determination of remand or abstention pursuant to 28 U.S.C. § 1441."[2] (Motion at 2.) In support of its Motion, Household argues that it removed this adversary proceeding from the Alabama state court not only under the bankruptcy removal statute, 28 U.S.C.A. § 1452, but also pursuant to the general removal statute, 28 U.S.C.A. § 1441 (West 1994), asserting diversity jurisdiction under 28 U.S.C.A. § 1332 (West 1993 & Supp.1997). Because Household contends that the Plaintiff's action was also removed under 28 U.S.C.A. § 1441, it argues that this court does not "have the authority to consider removal and remand solely on the basis of federal diversity jurisdiction" and "should refer to the district court the issue of whether a case over which the federal courts have diversity jurisdiction should be returned to the state courts." (Motion at 4.)

## I

Household removed this proceeding from the Circuit Court of Montgomery County, Alabama, by filing a Notice of Removal in the United States Bankruptcy Court for the Middle District of Alabama on October 28, 1997.[3] The Notice of Removal recites that this action is removed "pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure ... and pursuant to 28 U.S.C. §§ 1332, 1441." Household alleges facts at paragraphs I through 5 of the Notice of Removal clearly supporting removal under 28 U.S.C.A. § 1452(a) and avers at paragraph 7 that

[u]nder the standing order of reference of the United States District Court for the Middle District of Alabama, and pursuant to 28 U.S.C. § 157(a), this matter automatically is referred to the United States Bankruptcy Court for the Middle District of Alabama. Accordingly, the notice of removal is properly filed with this Court. (citations omitted).[4]

Household then avers at paragraph 9 of its Notice of Removal that

1. In addition to the present proceeding, the Memorandum was filed in fifty-three other adversary proceedings all of which, with one exception, had been removed from various Alabama state courts and transferred to this court from the Alabama bankruptcy courts to which each had been removed.

2. By its Motion, Household moves the court to transfer this adversary proceeding, pursuant to 28 U.S.C.A. §§ 1404 and 1412 (West 1993), to the United States District Court for the Middle District of Alabama. This request, however, overlooks the effect of the referral of this adversary proceeding by the United States District Court for the Middle District of Alabama to the United States Bankruptcy Court for the Middle District of Alabama. Once a proceeding is referred to a bankruptcy court, the bankruptcy court has no authority to refer the proceeding back to the district court. *See Biglari Import & Export, Inc. v. Nationwide Mut. Fire Ins. Co. (In re Biglari Import & Export, Inc.),* 142 B.R. 777, 780 (Bankr.W.D.Tex.1992) ("The reference stat-

ute[, 28 U.S.C.A. § 157(a) (West 1993),] is a 'one-way street' *from* the district court *to* the bankruptcy court. The district court, upon motion to that court or on its own motion, may *withdraw* the reference ... as it sees fit, 28 U.S.C. § 157(d), but the bankruptcy court has no statutory authority to send the case back to the district court.").

3. This proceeding was subsequently transferred to this court by the Alabama bankruptcy court on October 30, 1997, pursuant to an Order Transferring Adversary Proceeding.

4. Household cites three cases in support of this statement: *Creasy v. Coleman Furniture Corp.,* 763 F.2d 656 (4th Cir.1985); *St. Vincent's Hospital v. Norrell (In re Norrell),* 198 B.R. 987 (Bankr. N.D.Ala.1996); and *Lone Star Indus., Inc. v. Liberty Mut. Ins.,* 131 B.R. 269 (D.Del.1991). All three involve state court actions removed to the bankruptcy court pursuant to 28 U.S.C.A. § 1452. None of these actions were removed pursuant to 28 U.S.C.A. § 1441.

[i]ndependently and in addition to the grounds set forth above, federal jurisdiction exists with respect to all claims in the State Court Action pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332.... As a result, removal to the United States District Court is proper under 28 U.S.C. § 1441. Because the State Court Action, in addition to being a diversity action, is related to a case under the Bankruptcy Code, pursuant to 28 U.S.C. § 157(a), Household files its Notice of Removal with the clerk of the bankruptcy court, as a unit of the United States District Court. Household concurrently asserts grounds for removal under 28 U.S.C. § 1332 and reserves all rights with respect to removal on the basis of diversity jurisdiction. (citations omitted).[5]

## II

█ Household's alleged basis for removing this action directly to the bankruptcy court under 28 U.S.C.A. § 1441 is the district court's diversity jurisdiction, i.e., the district court's original jurisdiction over all civil actions where the matter is between "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a) (West 1993 & Supp.1997). This court does not agree that diversity jurisdiction under 28 U.S.C.A. § 1332 is an appropriate basis for removal of an action directly to the bankruptcy court under the authority of 28 U.S.C.A. § 1441 and 28 U.S.C.A. § 157(a) (West 1993).

█ The Supreme Court has determined that 28 U.S.C.A. § 1452 is not the exclusive statutory provision governing removals in bankruptcy. See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127–29, 116 S.Ct. 494, 497, 133 L.Ed.2d 461 (1995). In Things Remembered, Inc., the court concluded that 28 U.S.C.A. § 1447(d) (West 1994), addressing the reviewability of orders remanding a removed action, applies to remand orders entered in actions that were removed pursu-

ant to 28 U.S.C.A. § 1452 as well as actions removed under the authority of 28 U.S.C.A. § 1441. Things Remembered, Inc., 516 U.S. at 129, 116 S.Ct. at 497 ("There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context."). Arguably, Things Remembered, Inc., renders all of the statutory provisions governing general removals to federal court, 28 U.S.C.A. §§ 1441–1451 (West 1994 & Supp.1997), applicable to removals in bankruptcy. See e.g., Belcufine v. Aloe, 112 F.3d 633, 637 n. 6 (3d Cir.1997); Plowman v. Bedford Fin. Corp., 218 B.R. 607, 614–615 (Bankr.N.D.Ala.1998). Even if Things Remembered, Inc. renders 28 U.S.C.A. § 1441 applicable to removals in bankruptcy, this court does not read Things Remembered, Inc. to mean that an action can be removed to a bankruptcy court pursuant to 28 U.S.C.A. § 1441 based upon diversity jurisdiction under the authority of 28 U.S.C.A. § 1332. Removal to a bankruptcy court is proper under 28 U.S.C.A. § 1441 only if it is predicated upon the district court's original jurisdiction over the action by virtue of 28 U.S.C.A. § 1334.

This conclusion is necessitated by the interrelationship between a number of the statutory provisions of title 28 of the United States Code. The general removal statute, 28 U.S.C.A. § 1441 (West 1994), provides in material part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

As the plain language of the statute establishes, removal under the authority of 28 U.S.C.A. § 1441 is contingent upon the district court's possession of original jurisdiction over the civil action.[6] See Carnegie–Mellon

---

**5.** The authority referred to by Household is not cited for the proposition that removal to the bankruptcy court is proper under § 1441 when

the district court's jurisdiction is grounded on diversity under 28 U.S.C.A. § 1332.

**6.** Although removal is dependent upon the district court's possession of original jurisdiction,

*Univ. v. Cohill,* 484 U.S. 343, 343–46, 108 S.Ct. 614, 616, 98 L.Ed.2d 720 (1988).

District courts possess original jurisdiction, pursuant to 28 U.S.C.A. § 1334(b) (West 1994), over "all civil proceedings arising under title 11"; "all civil proceedings ... arising in ... cases under title 11"; and "all civil proceedings ... related to cases under title 11." Because district courts possess original jurisdiction over these § 1334(b) proceedings, they are subject to removal to the district court pursuant to 28 U.S.C.A. § 1441. Section 1334(b) proceedings, however, are also subject to removal to a bankruptcy court pursuant to 28 U.S.C.A. § 1441. Under the authority of 28 U.S.C.A. § 157(a) (West 1993), the district court may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 ... to the bankruptcy judges for the district." In other words, possessing original jurisdiction over § 1334(b) proceedings, the district court may then refer these proceedings to the bankruptcy court[7] pursuant to 28 U.S.C.A. § 157(a).[8] Consequently, by virtue of 28 U.S.C.A. § 157(a), § 1334(b) proceedings are properly subject to removal to a bankruptcy court under the authority of 28 U.S.C.A. § 1441. *Cf. Things Remembered, Inc.,* 516 U.S. at 127–29, 116 S.Ct. at 497.

Similar to 28 U.S.C.A. § 1334(b), 28 U.S.C.A. § 1332(a) vests the district courts with original jurisdiction over diversity actions between parties from different states where the amount in controversy is in excess of $75,000.00. Because district courts possess original jurisdiction over these actions, they are subject to removal to the district court pursuant to 28 U.S.C.A. § 1441.[9] However, unlike § 1334(b) proceedings, § 1332(a) actions cannot be removed to a

bankruptcy court because there is no statutory authority similar to 28 U.S.C.A. § 157(a) that empowers a district court to refer to a bankruptcy court its grant of jurisdiction arising under the authority of 28 U.S.C.A. § 1332. In addition to the bankruptcy case itself, 28 U.S.C.A. § 157(a) empowers the district court to refer to the bankruptcy court only those proceedings over which the district court has acquired jurisdiction pursuant to 28 U.S.C.A. § 1334(b). Because diversity actions cannot be referred to bankruptcy courts, this court holds that removal of an action to a bankruptcy court pursuant to 28 U.S.C.A. § 1441 based upon diversity jurisdiction arising under 28 U.S.C.A. § 1332 is improper and ineffectual. *See Biglari Import & Export, Inc. v. Nationwide Mut. Fire Ins. Co. (In re Biglari Import & Export, Inc.),* 142 B.R. 777, 783 (Bankr.W.D.Tex. 1992) ("Matters removed under § 1452 are immediately referred under the general order of reference to the bankruptcy courts under § 157(a). Matters removed under § 1441 [predicated upon the district court's original jurisdiction under 28 U.S.C.A. § 1332] on the other hand are not amenable to reference, because the jurisdiction invoked does not arise under § 1334, but under § 1332 (the diversity jurisdiction statute).").

In sum, Household is correct in its assertion that this court cannot remand to state court an action removed to federal court pursuant to 28 U.S.C.A. § 1441 under the authority of 28 U.S.C.A. § 1332. However, Household has not effectuated removal of the present action to federal court pursuant to 28 U.S.C.A. § 1441 under the authority of 28 U.S.C.A. § 1332 because it improperly filed its Notice of Removal in the bankruptcy

an action cannot be removed in every instance in which the district court possesses original jurisdiction. *See* 28 U.S.C.A. § 1441(b) (West 1994) (providing that actions over which the district court possesses original jurisdiction apart from 28 U.S.C.A. § 1331 (West 1993) can be removed to federal court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

7. Although the reference under 28 U.S.C.A. § 157(a) is to the "bankruptcy judges," the court

will use the term "bankruptcy court" synonymously.

8. Upon enactment of 28 U.S.C.A. § 157 on July 10, 1984, as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, most, if not all, of the district courts throughout the United States issued standing orders referring all bankruptcy cases and proceedings to the bankruptcy judges for the respective districts.

9. *See supra* note 6.

court as opposed to the district court.[10] Because Household did not properly remove this action on the grounds of diversity jurisdiction and because there is no procedural vehicle for the court to transfer this adversary proceeding to the district court,[11] the court deems Household's attempt to remove this action pursuant to 28 U.S.C.A. § 1441 under the authority of 28 U.S.C.A. § 1332 a nullity and superfluous to its removal under 28 U.S.C.A. § 1452. Accordingly, Household's October 28, 1997 Notice of Removal is deemed by the court to have been filed solely under 28 U.S.C.A. § 1452.

█ Although the court cannot grant Household's request to transfer this case to the United States District Court for the Middle District of Alabama, the adversary proceeding need not be remanded to the Circuit Court of Montgomery County, Alabama, if there exists a separate basis for federal jurisdiction apart from 28 U.S.C.A. § 1334 as Household contends. Despite the fact that this court is powerless to refer the adversary proceeding to a district court, Household is not. Household, pursuant to 28 U.S.C.A. § 157(d) (West 1993), may file a motion to withdraw the reference with the clerk of the bankruptcy court. See FED.R.BANKR.P. 5011 advisory committee's note. At least one court has suggested that this motion is properly filed with the bankruptcy clerk of the district to which an adversary proceeding has been transferred as opposed to the bankruptcy clerk for the district that initially referred the proceeding to the bankruptcy court. See Revere Copper and Brass, Inc. v. Acushnet Co. (In re Revere Copper and Brass, Inc.), 172 B.R. 192, 195 (S.D.N.Y.1994). Accordingly, this court will afford Household ten days to file a motion to withdraw the reference of this adversary proceeding. If Household does not file such a motion within ten days, its Motion will be denied and this adversary proceeding will be remanded to the Circuit Court of Montgomery County, Alabama, pursuant to the court's March 5, 1998 Order.

### III

Household's Motion further requires the court to revisit its determination in the March 5, 1998 Memorandum that this adversary proceeding is not supported by a federal jurisdictional basis other than 28 U.S.C.A. § 1334. In addressing the multiple complaints before it in its March 5, 1998 Memorandum, the court observed:

> None of the complaints at issue establish federal question jurisdiction pursuant to 28 U.S.C.A. § 1331. The vast majority of these complaints include only a general prayer for relief that does not establish a particular amount in controversy. As to the remainder, a few pray for damages clearly below the amount in controversy requirement of 28 U.S.C.A. § 1332(a) while the complaint in Adversary No. 97–3132 seeks damages "in excess of the jurisdictional limits" of the circuit court in which it was filed. These complaints do not satisfy the amount in controversy requirement of § 1332(a).

(Memorandum at 39 n. 34.) Household avers in its Motion that

> as a putative class action with punitive damages claims, this case involves an amount in controversy exceeding $75,000.00. In addition, or alternatively, the value of the injunctive relief requested by plaintiff on behalf of the putative class is an amount which exceeds $75,000.00.[12]

---

**10.** The procedure for removal under 28 U.S.C.A. § 1441 is governed by 28 U.S.C.A. § 1446 (West 1993 & Supp.1997), which provides in material part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

**11.** See supra note 2.

**12.** Clearly, although not reflected in the caption utilized by the court, the complaint filed in the Circuit Court of Montgomery County, Alabama, purports to assert a class action by the Plaintiff, Christopher B. Seale, "individually and on behalf of all others similarly situated." Also, the Complaint, in addition to naming Home Cable Concepts, Inc. and Household Retail Services, Inc. as Defendants, designates four fictitious entities, identified as "A, B, C, and D," as defendants.

(Motion at 3.) In support of the claim that the Complaint satisfies the $75,000.00 amount in controversy limit for diversity jurisdiction required by 28 U.S.C.A. § 1332(a), Household relies on two cases, both of which originated in an Alabama state court: *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir.1996), and *Earnest v. General Motors Corp.*, 923 F.Supp. 1469 (N.D.Ala.1996).

In *Tapscott*, twenty named plaintiffs filed suit in an Alabama state court against twenty-five named defendants alleging claims on behalf of a putative class in excess of 10,000 members for alleged violations of Alabama law arising from the sale of service contracts on automobiles sold and financed in Alabama. *Tapscott*, 77 F.3d at 1355. The plaintiffs sought statutory damages, unspecified compensatory and punitive damages, and injunctive relief. *Id.* A defendant removed the case to the district court, asserting diversity jurisdiction under 28 U.S.C.A. § 1332, arguing that the claims for punitive damages should be aggregated to determine whether the jurisdictional amount existed. *Id.* The plaintiffs then moved to remand claiming, *inter alia*, failure to satisfy § 1332's amount in controversy requirement. *Id.* In support of their remand motions, two of the plaintiffs filed affidavits purporting to limit their individual damages and those of any other class members to an amount not more than $49,-000.00.[13] *Id.* Their attorney also filed an affidavit stating that no class member would seek more than $49,000.00 and that he would not attempt to obtain more than $49,000.00 by amendment or otherwise. *Id.*

The Eleventh Circuit noted that

where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement.[14]

*Id.* at 1357. In upholding the district court's denial of remand, the Eleventh Circuit held that under *Tapscott's* facts punitive damages may be considered in the aggregate when determining the amount in controversy for jurisdictional purposes. *Id.* at 1357–59. In so holding, the court examined the nature of punitive damages under Alabama law and found that "the purpose of punitive damages in Alabama is to deter wrongful conduct and punish those responsible." *Id.* at 1358 (citation omitted). The court also noted that "the state and not the victim is considered the true party plaintiff because punitive damages do not compensate a victim for loss but serve to punish and deter." *Id.* (citation omitted). Furthermore, the court found that a punitive damages award reflects the egregiousness of the defendant's conduct towards the putative class members as a whole, not just the wrong claimed to have been done to any individual plaintiff. *Id.* at 1358–59. The court held that the plaintiffs had a common and undivided interest in any punitive damages award and allowed aggregation. *Id.* at 1359.

In *Earnest*, three plaintiffs commenced a products liability class action on behalf of themselves and a putative class, as in *Tapscott*, of approximately 10,000 members. They sought both compensatory and punitive damages but purported, on behalf of each named and unnamed class member, to limit damages to $50,000.00 per individual plaintiff.[15] They also requested injunctive and declaratory relief, including, *inter alia*, a required advertising campaign to notify putative class members of the alleged defect, a recall of all affected vehicles, and an injunction prohibiting the use of the allegedly defective engines and/or engine control modules. *Earnest*, 923 F.Supp. at 1470–71. The district court, following *Tapscott*, reaffirmed that the removing defendant's burden of proof on the amount in controversy issue is by a preponderance of the evidence,[16] and

---

**13.** *Tapscott* and *Earnest* were decided at a time when the "amount in controversy" limit under 28 U.S.C.A. § 1332(a) was $50,000.00. That sum was raised to $75,000.00 by an amendment to 28 U.S.C.A. § 1332(a) effective October 19, 1996.

**14.** *See supra* note 13.

**15.** *See supra* note 13.

**16.** This is the same standard of proof utilized by the Sixth Circuit when damages sought in a removed state court action are unspecified. *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993) ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best alternative.").

held that "the putative class may aggregate the punitive damages claim to satisfy the jurisdictional requirement." *Id.* at 1472.

With regard to the injunctive and declaratory relief sought by the plaintiffs, the *Earnest* court stated:

> The United States Supreme Court has held that "in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Thus, federal jurisdiction is established if the value of the equitable relief demanded exceeds the jurisdictional threshold. The value of the equitable relief is measured by its pecuniary consequence to those involved in the litigation. Accordingly, "costs of compliance are properly considered in computing the amount in controversy."

*Id.* at 1472–73 (citations omitted) (quoting *Hunt v. Washington State Apple Adv. Comm'n,* 432 U.S. 333, 346–47, 97 S.Ct. 2434, 2443, 53 L.Ed.2d 383 (1977), and *Thomson v. Gaskill,* 315 U.S. 442, 447, 62 S.Ct. 673, 676, 86 L.Ed. 951 (1942)). The district court then determined that the plaintiffs' request for equitable relief in the form of an advertising campaign, comprehensive vehicle recall, and an injunction forbidding the defendants from using the allegedly defective engines and/or engine control modules, clearly established a cost to the defendants in excess of the then $50,000.00 jurisdictional limit. The court accordingly determined that the $50,000.00 amount in controversy mandated at that time by 28 U.S.C.A. § 1332 [17] had been satisfied. *Id.* at 1473.

■ The aggregation analysis, utilized by the Eleventh Circuit in *Tapscott* and by the district court in *Earnest* in determining that the defendants in those cases had met their burden of proof by a preponderance of the evidence that the amount in controversy in each action exceeded the jurisdictional limit under § 1332, cannot be applied to this adversary proceeding for the following reasons:

(1) The putative class in both *Tapscott* and *Earnest* was specified by the plaintiffs to consist of at least 10,000 members. The complaint in the present action asserts only that the Plaintiff brings his claim individually "and on behalf of a class of persons similarly situated." Household cites no authority allowing the court to arbitrarily fix the size of the class in order to aggregate the Plaintiff's claims for damages to a sum in excess of the jurisdictional limit under 28 U.S.C.A. § 1332.

(2) In *Tapscott,* the plaintiffs filed affidavits purporting to establish the amount of compensatory and punitive damages sought by each member of the putative class at a maximum of $49,000.00 and in *Earnest,* the plaintiffs sought damages limited to $50,000.00 for each plaintiff in the class. In the present action, the Plaintiff avers in his Complaint only that "the aggregation of the claims of the class exceeds $1,500.00, exclusive of interest and costs." To extrapolate this amount to a sum in excess of $75,000.00 would require pure speculation on the part of the court unsupported by the Complaint or anything else in the record.

(3) In *Earnest,* the injunctive relief sought by the plaintiffs was quantifiable from a monetary standpoint, i.e., compliance with the injunctive relief would clearly cost the defendants a monetary amount in excess of § 1332's jurisdictional limit. In the present action, the Plaintiff seeks a permanent injunction "enjoining the Defendants from engaging in business practices which are fraudulent, deceptive, and misleading." Compliance with the requested equitable relief, if granted, would require only that the Defendants cease certain allegedly illegal activities, which will cost them nothing.

For the above reasons, the court concludes that Household has not proved by a preponderance of the evidence that the amount in controversy in this adversary proceeding "more likely than not exceeds the [$75,000.00] jurisdictional amount." *See Tapscott,* 77 F.3d at 1357.

## IV

■ "A motion to amend ... pursuant to Fed.R.Civ.P. 59(e) may only be granted if movant shows there was a mistake of law or fact or presents newly-discovered evidence

---

**17.** *See supra* note 13.

988

that could not have been discovered previously." *Deutsch v. Burlington Northern R.R. Co.*, 983 F.2d 741, 744 (7th Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Household has not met its burden of proof under this standard and its Motion will be denied. The court will, however, defer entry of the order denying Household's Motion for ten days to give Household an opportunity to file a motion to withdraw the reference of this adversary proceeding.