**Michael SCHAEFER, Plaintiff,**

v.

**UNION PACIFIC RAILROAD, a Utah corporation, Defendant.**

No. 97–CV–207–J.

United States District Court,
D. Wyoming.

June 23, 1998.

Donald J. Sullivan, Cheyenne, WY, for Michael R. Schaefer, plaintiff.

Mark C. Hansen, Union Pacific Railroad Company, Omaha, NE, Robert N. Belt, Union Pacific Railroad Company, Denver, CO, Jeffrey A. Jackson, Thorp Reed & Arm-

strong, Pittsburgh, PA, for Union Pacific R.R. Co., defendant.

## *ORDER ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT*

ALAN B. JOHNSON, Chief Judge.

### I

This matter came before the court on June 19, 1998, for hearing on defendant's two Motions for Summary Judgment. The court is fully advised:

Plaintiff, Michael Schaefer, a former employee of defendant Union Pacific, brings this action under the Federal Employers' Liability Act (FELA). Plaintiff suffers from a congenital shoulder condition, bilateral hypoplastic glenoids, which has now become arthritic (glenohumeral arthritis). He claims that his congenital shoulder condition was aggravated and worsened by the type of work that the railroad required him to do. He contends that the railroad carelessly and negligently failed to provide him with a reasonably safe place to work, negligently failed to supply proper, suitable and sufficient tools, machinery and equipment, negligently failed to supply adequate manpower to assist him in his duties, negligently failed to provide plaintiff with proper supervision, negligently failed to institute and oversee reasonably safe methods and procedures for performance of work, and negligently failed to warn plaintiff of potentially dangerous and hazardous conditions.

Defendant has filed two Motions for Summary Judgment. In one it raises the three-year FELA statute of limitations defense—it contends plaintiff knew of the shoulder problem more than three years before filing.

In the other motion, defendant contends that plaintiff has failed to offer any evidence of the railroad's negligence as required by FELA.

### II Undisputed Facts

Plaintiff went to work for defendant on January 19, 1970, and worked continuously until October 31, 1995. He worked in the signal depart for his entire career, primarily as a signal maintainer. Plaintiff is currently disability retired with the railroad.

In the fall of 1995, plaintiff complained to his family doctor about shoulder pain and dropping things and asked about a shoulder specialist. (Pl.'s Depo at 33). His family doctor sent him for X-rays and then to specialist Dr. Lee Grant. On September 14, 1995, plaintiff went to Dr. Grant. Dr. Grant's report says:

> Michael is a forty-nine-year-old, right-handed white male <u>with bilateral shoulder pain for the last seven years</u> with no antecedent injury or trauma. He is not able to throw any more. He's had trouble with weakness in his arms where he tends to drop things. He used to play baseball. He still bowls a little bit and tries to play golf but has pain with that. He works on a railroad which involves throwing heavy switches, lifting heavy concrete blocks, and sometimes fairly heavy[ ] but he has been able to continue to do that. He has a lot of night pain and gets numbness in his arms at night. . . .

(underlined emphasis added).

Dr. Grant diagnosed glenohumeral arthritis secondary to hypoplastic glenoids. Hypoplastic glenoids is a congenital shoulder weakness. Dr. Grant placed plaintiff on permanent restrictions-no lifting of more than ten pounds and no repeated overhead use of the shoulders. As a result of these restrictions, plaintiff went on disability in October of 1995.

Plaintiff saw Dr. Grant again on November 6, 1995. Dr. Grant wrote:

> I really think this is probably aggravated by his preexisting job, both the arthritis and the chronic impingement, and he has asked me whether filing a comp claim is reasonable and I think it probably is.

On November 30, 1995, Dr. Grant reported:

> [H]e has had bilateral should pain for the <u>past seven years</u> pretty much associated with his work on the railroad which involves throwing heavy switches and lifting heavy blocks.

> On examination he is found to have some glenohumeral arthritis secondary to a congenital abnormality in his glenoids and evidence of impingement syndrome. Certainly this is a pre-existing condition. However, his heavy use of the shoulders in

his job ha[s] aggravated his condition and probably caused it to become symptomatic before it otherwise would have. . . .

I would apportion his current impairment at twenty-five percent pre-existing condition and seventy-five percent aggravation of this pre-existing condition due to the previous 27 years of heavy manual work on the railroad. . . .

(Underlined emphasis added).

Plaintiff filed the complaint in this case on August 15, 1997.[1]

### III Disputed Facts

Plaintiff saw Dr. Eric E. Young in connection with this lawsuit. Dr. Young confirms the diagnosis and would apportion the impairment at roughly fifty percent pre-existing and fifty percent aggravation by work. Plaintiff subsequently saw Dr. Barry Lindenbaum, an expert hired by defendant, who also confirmed plaintiff suffers from hypoplastic glenoids bilaterally and degenerative arthritis within both shoulders. However, Dr. Lindenbaum opines that the congenital shoulder problem is such that plaintiff would probably be close to the same condition now even if he had not worked on the railroad. Dr. Lindenbaum notes that plaintiff was basically asymptomatic except for minimal aches and pains in his shoulders until sometime in 1995.

Defendant's expert Dr. Kurt Hegmann will testify from his review of medical records and an ergonomic job station evaluation that there is no evidence of aggravation of plaintiff's conditions by work exposure.

Plaintiff testified in his deposition and his affidavit that he had no reason to know or suspect his shoulder problems were caused by his job until he saw Dr. Grant in the fall of 1995. Affidavit at ¶ 8 and deposition at 74–76.

### IV Discussion

#### A. Standard for Summary Judgment

The standard for the grant or denial of summary judgment is well known:

[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. If the movant bears the burden of showing the absence of a genuine issue of material fact, the nonmovant may not rest on its pleadings but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof.

*Mesa Oil, Inc. v. Ins. Co. of North America,* 123 F.3d 1333, 1336, (10th Cir.1997).

#### B. Motion for Summary Judgment on Statute of Limitations

■ FELA provides a three year statute of limitations. 45 U.S.C. § 56 ("no action shall be maintained under this act unless commenced within three (3) years from the day the cause of action accrued.").

Defendant contends that the three year period began to run when plaintiff first noticed shoulder pain—the pains that Dr. Grant noted plaintiff reported in 1995 as occurring for the past seven years. Plaintiff, in opposition, contends that the period did not begin to run until plaintiff knew or had any reason to suspect that the discomfort was related to his work. Plaintiff also discounts his pre-1995 shoulder pains as minor discomfort that he contends could not have given him notice of an injury.

Both parties rely on the case *Fries v. Chicago & Northwestern Transp. Co.,* 909 F.2d 1092 (7th Cir.1990). In *Fries,* the plaintiff railroad worker noticed, and was significantly bothered by, his hearing decline and tinnitus in 1981–82, but did not seek medical treatment until 1985 and did not file his FELA case until late 1987.

Following the Supreme Court cases *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the *Fries* court held:

Accrual is defined in terms of two components, the injury and its cause, for statute of limitations purposes. In *Urie,* the Su-

---

1. Plaintiff says his initial complaint in this case was filed on June 26, 1996. It's not clear to what that date refers.

preme Court stated that when the specific date of injury cannot be determined because an injury results from continual exposure to a harmful condition over a period of time a plaintiff's cause of action accrues when the injury manifests itself. *Id.* 337 U.S. at 170, 69 S.Ct. 1018. Urie had been continuously exposed to silica in his work environment over the course of several years. In the absence of a rule that tolled the limitations period until the injurious effects manifested themselves, the Court reasoned, the law would require a blamelessly ignorant plaintiff to discover the inherently unknowable injury at its inception. Such a reading of FELA would provide persons injured in this manner with a "delusional remedy." *Id.* at 169–70, 69 S.Ct. 1018. *Kubrick,* refined the rule announced in *Urie.* In *Kubrick,* plaintiff brought a malpractice suit pursuant to the Federal Tort Claims Act alleging he was injured when a doctor improperly treated his wound ... The Court stated that once a plaintiff is in possession of the critical facts of both the injury and governing cause of that injury the action accrues even though he may be unaware that a legal wrong has occurred. Following the guidance of the Supreme Court in both *Urie* and *Kubrick,* this circuit [the Seventh] adopted the rule that a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause. [citations omitted] Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause. *Urie,* 337 U.S. at 170, 69 S.Ct. 1018 (did plaintiff have reason to know he was injured at an earlier date). Moreover, the injured plaintiff need not be certain which cause, if many are possible, is the governing cause but only need know or have reason to know of a potential cause. That this rule imposes on injured plaintiffs an affirmative duty to investigate the potential cause of his injury has not been lost on the courts. However, to apply any other rule would thwart the purposes of repose statutes which are designed to apportion the consequences of time between plaintiff and defendant and to preclude litigation of stale claims.

*Fries,* 909 F.2d at 1095.

In this case defendant has not shown that there is no issue of fact on whether plaintiff's claim accrued more than three years before he filed this action. The undisputed facts in this case are distinguishable from those in *Fries.* In *Fries,* the plaintiff denied knowing that his hearing problems were related but admitted that they increased by the end of a work day, worsened throughout the work week and would subside after a few hours at home or two days of quiet at home on the weekend. Mr. Fries could posit no non-work related cause for his hearing loss and admitted he suspected actual hearing loss four years before seeking medical treatment.

In contrast, in this case there is no evidence that the shoulder problems were significant before plaintiff sought treatment in 1995. There is no evidence that plaintiff suspected an injury any appreciable length of time before seeking treatment in 1995. There is no evidence that plaintiff should have connected the shoulder pain to his work experience.

Plaintiff has come forward with sufficient evidence to raise an issue of fact on whether his claim accrued within three years of the filing of the complaint in this action. Accordingly, the court would send the issue of the accrual date of the plaintiff's FELA claim to the jury. Therefore, the court will deny defendant's Motion for Summary Judgment on the statute of limitations defense.

### C. Evidence of Defendant's Negligence

Defendant contends that plaintiff has failed to produce any evidence to support its allegation that the railroad was negligent. Plaintiff contends that he does not have to produce any such evidence unless defendant, as movant, first makes an affirmative showing of the absence of any genuine issue of material fact. Plaintiff also contends that foreseeability is not an element of negligence under FELA and, even if it were, that the statute creates a zone of foreseeability for any injury to all railroad employees.

Plaintiff cites the following language from a case from this court in support of his contention that defendant's motion has failed to trigger any obligation for him to respond:

The moving party has the burden of showing the absence of genuine issue concerning any material fact. The moving party's burden may be met by identifying those portions of the record demonstrating the absence of a genuine issue of material fact.... Once the moving party has met its initial burden, the burden shifts to the party resisting the motion. That party must make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial.

*Farmers Ins. Exchange v. Williams,* 823 F.Supp. 927, 930–31 (D.Wyo.1992) (citations omitted and underlining added by plaintiff).

The law as stated in *Williams* is correct. However, *Williams* does not address, and therefore is not controlling authority for, the different procedural posture of this motion. In *Williams,* the parties stipulated to the relevant facts and submitted the matter for a ruling on the law pursuant to cross-motions for summary judgment. *Id.* at 928.

The standard to be applied to the present motion for summary judgment was recently explained in the case *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664 (10th Cir.1998).

An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "material" if under the substantive law it is essential to the proper disposition of the claim. *See id.* If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on all essential elements of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If there is no genuine issue of material fact, we next determine whether the district court correctly applied the substantive law. *See Hirase–Doi,* 61 F.3d at 781.

The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. In so doing, a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. *See id.* Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. *See id.*

If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and "set forth specific facts" that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant. Fed.R.Civ.P. 56(e); *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888–89, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *See Thomas v. Wichita Coca–Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir.) *cert. denied,* 506 U.S. 1013, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992).

*Adler, supra,* 144 F.3d at 670–71 (underlined emphasis added).

The Tenth Circuit has also held:

The moving party need not affirmatively negate the nonmovant's claim in order to obtain summary judgment. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548. Instead, the movant only bears the initial burden of " 'showing'—this is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. 2548.

*Allen v. Muskogee, Oklahoma,* 119 F.3d 837, 840 (10th Cir.1997).

■ Thus, it is clear that defendant's motion, in pointing out to this court that there was no evidence of negligence or foreseeability, did "trigger" the obligation for plaintiff

to set forth specific facts, identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein, in a form that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the plaintiff. *Adler, supra.*

■ Plaintiff next contends that he need not present any evidence on the issue of foreseeability because it is not an element of his FELA claim.

The United States Supreme Court has explained the standards a plaintiff must meet in stating a claim under FELA.

> We have liberally construed FELA to further Congress' remedial goal. For example, we held in *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), that a relaxed standard of causation applies under FELA. We stated that "[u]nder this, the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." In *Kernan,* [355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958)] we extended the reach of the principle of negligence per se to cover injuries suffered by employees as a result of their employer's statutory violations, even if the injuries sustained were not of a type that the relevant statute sought to prevent. And in *Urie* we held that occupational diseases such as silicosis constitute compensable physical injuries under FELA, thereby rejecting the argument that the statute covered only injuries ... caused by accident.

> That FELA is to be liberally construed, however, does not mean that it is a workers' compensation statute. We have insisted that FELA "does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." *Ellis v. Union Pacific R. Co.,* 329 U.S. 649, 653, 67 S.Ct. 598, 91 L.Ed. 572 (1947).

*Consolidated Rail Corp. v. Gottshall,* 512 U.S. 532, 114 S.Ct. 2396, 2404, 129 L.Ed.2d 427 (1994) (citations partially omitted); *accord Missouri–Kansas–Texas Ry. v. Hear-*

*son,* 422 F.2d 1037, 1040 (10th Cir.1970) (holding even slight evidence of FELA defendant's negligence creates jury issue).

■ It is well-established that "reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence." *Gallick v. Baltimore & O.R. Co.,* 372 U.S. 108, 117, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963) (citing cases). *See Aparicio v. Norfolk & Western Railway Co.,* 84 F.3d 803, 810 (6th Cir.1996) (elements of FELA claim are duty, breach, foreseeability and causation). Because proof of defendant's negligence is an "essential element" for plaintiff's claim, if plaintiff, who would bear the burden of persuasion on this element at trial, does not come forward with evidence to show this essential element of his prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial. *Adler, supra.*

> The FELA imposes on railroad a general duty to provide a safe workplace. *Peyton v. St. Louis Southwestern Ry. Co.,* 962 F.2d 832, 833 (8th Cir.1992). To establish that the railroad breached its duty to provide a safe workplace, the plaintiff must show circumstances which a reasonable person would foresee as creating a potential for harm. The plaintiff must then show that this breach played any part, even the slightest, in producing the injury. *Rogers,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493.

> In reviewing a motion for summary judgment, the judge must "bear in mind the actual quantity and quality of proof necessary to support liability." *Anderson v. Liberty Lobby,* 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Because the plaintiff need only show slight evidence of negligence, the quantum of evidence required to establish liability in an FELA case is much less demanding than that in a standard negligence action. *Harbin v. Burlington Northern,* 921 F.2d 129, 131 (7th Cir.1990). We have reasoned that the "[t]he lenient standard for avoiding summary judgment under the FELA merely mirrors the pro-plaintiff stance of the substantive law." *Id.*

Leniency has its limits. The plaintiff must still present some evidence of negligence. We have granted summary judgment in instances where the plaintiff has not produced even the slightest evidence of negligence. *See, e.g. Deutsch v. Burlington Northern R.R. Co.,* 983 F.2d 741, 743 (7th Cir.), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470, (1993). In *Deutsch,* an employee fell while climbing down a ladder after setting the handbrake on top of the railroad car. The plaintiff alleged that the location of the brake on top of the rail car was a safety hazard and that the railroad should have equipped the ladder rungs with non-skid surface. *Id.* at 744. We found that the plaintiff failed to introduce any evidence which suggested that the location of the brake was indeed a safety hazard or which pointed to the necessity for non-skid rungs. *Id.* We therefore held that the plaintiff failed to demonstrate the existence of a material fact from which the railroad's negligence could be inferred.

*McGinn v. Burlington Northern Railroad Co.,* 102 F.3d 295, 300–301 (7th Cir.1996).

 Under FELA it is clear that a defendant cannot escape liability because a preexisting condition made plaintiff more susceptible to injury. *Sauer v. Burlington Northern,* 106 F.3d 1490 (10th Cir.1966). However, plaintiff must still produce some evidence that the defendant was negligent. Defendant will be held to have breached its duty to provide plaintiff a safe workplace "if it knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees." *Ulfik v. Metro–North Commuter R.R.,* 77 F.3d 54, 58 (2nd Cir. 1996). Here the only evidence that plaintiff offers does not raise an inference of defendant's negligence. *See* Pl.'s Depo. at 8–10, 70–71. In his deposition plaintiff says he complained it was unsafe for him to work by himself in case he fell and was injured. This is insufficient because it is totally unrelated to his claimed injuries. Plaintiff also says he "made complaints that stuff was too heavy for me to carry." *Id.* at 71. By itself, this evidence is insufficient to raise an inference that the railroad knew or should have known of a potential hazard in the workplace.

In the *Aparicio* case, *supra,* the court examined a claim of upper extremity cumulative trauma injury—carpal tunnel syndrome or epicondylitis. The court found that there was a scintilla of evidence that the railroad breached its standard of care of acting as a reasonably prudent employer because an expert testified as follows:

> [T]here were ergonomic risk factors and known remedial measures that had been described and accepted by the scientific community. This information was widely published in trade and scientific journals. A jury could accept [the expert's] testimony and find that a reasonably prudent employer should have known about the risk facts and taken steps to ameliorate them.
>
> \* \* \* \* \* \*
>
> [The expert] also testified that an industrial employer like Norfolk & Western would learn of these ergonomic risk factors, as well as of methods of determining whether an employee was exposed to risk of injury and methods of amelioration, through scientific and professional publications, trade journals and industry publications. Further, [the expert] stated that an employer like Norfolk & Western would know of the ergonomic literature through its medical department or safety person.
>
> \* \* \* \* \* \*
>
> [The expert's] evidence could justify with reason a finding that, in the exercise of due care, Norfolk & Western should have known that [plaintiff's] job duties put him at risk for developing cumulative trauma disorder .... A jury could also find, based on the depositions of [two doctors] that Norfolk and Western breached its duty by not evaluating [plaintiff's] job and taking remedial measures in that it knew or should have known that he was exposed to repetitive shocks and vibrations from his tools that put him at risk for cumulative trauma disorders.

*Aparicio,* 84 F.3d at 811–12.

In this case, there is no evidence from which a jury could infer that defendant breached its duty because there is no evidence from which it could find that a reason-

able employer in its position knew, or should have known that an employee doing plaintiff's job was at risk for developing upper extremity injuries caused by repetitive lifting of heavy objects. Although plaintiff claims that foreseeability is an issue of fact for the jury, there must be some evidence from which the jury could infer the railroad's breach of duty. Thus, unlike *Aparicio,* in this case the court cannot find that plaintiff has produced even the scintilla of evidence needed to send his claim to the jury.

Plaintiff contends that foreseeability is established because railroad employees are within the protection of FELA, citing 45 U.S.C. § 51. That statute provides:

> Every common carrier by railroad ... shall be liable in damages to any person suffering injury or who is employed by such carrier ... <u>resulting in whole or in part from the negligence</u> of any of the officers, agents, or employees of such carrier...

*Id.* (underlined emphasis added).

 This statute specifically requires that defendant be negligent for it to be liable, and lends no support to plaintiff's theory that any injury to any railroad employee is foreseeable per se.

The court finds that plaintiff has failed to meet his burden of producing evidence, which if believed by the jury, would show defendant knew or should have known of a potential hazard in the workplace, and yet failed to exercise reasonable care to inform and protect its employees. Therefore, defendant is entitled to judgment as a matter of law and the court will grant defendant summary judgment.

### V Conclusion and Order

For the foregoing reasons it is therefore

ORDERED that Motion for Summary Judgment on the statute of limitations defense is **DENIED.** It is further

ORDERED that defendant's Motion for Summary Judgment on the failure to state a claim is **GRANTED.**