# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD B. HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-07-069 ALR |
| | ) | |
| UNION PACIFIC RAILROAD | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 6, 2017
Decided: November 20, 2017

***Upon Defendant's Motion to Dismiss or for a More Definite Statement***
**DENIED**

This matter is before the Court on Defendant Union Pacific Railroad Company's ("Defendant") motion made under Superior Court Civil Rules 8(a), 9(b), 12(b)(6), and 12(e) to dismiss for failure to state a claim or for a more definite statement. Upon consideration of the facts, arguments and legal authorities set forth by all parties; decisional precedent; and the record of this case, the Court finds as follows:

1.     Defendant is a railroad company incorporated in Delaware with its headquarters and principal place of business in Omaha, Nebraska. Defendant operates locomotives, railroad cars, and repair facilities throughout several states.

2.     Plaintiff Richard Hunt ("Plaintiff") was employed with Defendant from 1978 to 2014 as a machinist at Defendant's Roseville, California facility.

3.     On July 10, 2017, Plaintiff filed a complaint against Defendant alleging that he was exposed to various toxic substances and carcinogens during the course of his employment with Defendant as a result of Defendant's negligence. Specifically, Plaintiff alleges that his position as a machinist required him to maintain and repair locomotives, and that in the course of these duties he was exposed to:

> [C]leaning solvents such as mineral spirits; diesel fuel/fume/benzene from locomotives and other diesel powered equipment; rust and other heavy metals from grinding and cutting steel on the locomotives; creosote from the railroad ties; manganese from the electrical welding process; asbestos insulation and asbestos brake shoe dust and; rock dust from railroad ballast.[1]

4.     On August 10, 2017, Defendant filed a motion to dismiss on the grounds of *forum non conveniens* or, in the alternative, to dismiss to failure to state a claim or for a more definite statement. The Court has addressed Defendant's motion to dismiss on grounds of *forum non conveniens* in a separate order.

5.     With respect to Defendant's motion to dismiss for failure to state a claim or for a more definite statement, Defendant argues that Plaintiff's complaint is defective for two reasons. First, Defendant contends that Plaintiff did not adequately identify the toxic substances that he was exposed to and, therefore, that Defendant has not been placed on sufficient notice of Plaintiff's claim. Second,

---

[1] Pl.'s Compl. at ¶ 7.

Defendant contends that Plaintiff failed to show compliance with the applicable statute of limitations.

6.      Delaware is a notice pleading jurisdiction.[2]  Therefore, to survive a motion to dismiss, a complaint only needs to give general notice of the claim asserted.[3]  In deciding a motion to dismiss under Superior Court Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court shall accept all well-pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[4]  Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[5]  The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[6]

7.      As an alternative to dismissal under Rule 12(b)(6), a party may move under Superior Court Civil Rule 12(e) ("Rule 12(e)") for an order requiring the other party to file a more definite statement.  In deciding a motion under Rule 12(e), the Court evaluates a complaint to see if it is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[7]

---

[2] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[3] *Id.*
[4] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[5] *Spence*, 396 A.2d at 968.
[6] *Id.*
[7] Super. Ct. Civ. R. 12(e).

3

8.	Plaintiffs face unique challenges in toxic tort litigation because they are often "unwittingly exposed to the hazardous substance years before any injury is manifested" and find it difficult years later to identify the products to which they were exposed.[8]  These challenges "may be considered at the pleading stage of the litigation and may justify some departure from the pleading standards" typical in other actions.[9]  When alleging that exposure to toxic substances took place at a particular premises, this Court has held:

> [A] plaintiff may identify the premises at issue by: (1) describing its location with the degree of precision dictated by the circumstances of the claim; (2) the type of facility located on the premises and a description of the toxic substances used there; and (3) the activity on the premises that gave rise to the exposure.[10]

In addition, the Court should evaluate the pleading as a whole rather than considering the individual allegations in a vacuum.[11]

9.	Here, the Court finds that Plaintiff's allegations regarding the toxic substances to which he was exposed are sufficient to put Defendant on notice of the claim and be able to frame a responsive pleading.  With respect to the location at issue, Plaintiff alleges that he was employed at the Defendant's Roseville, California facility.  Plaintiff further alleges that he was working in the Defendant's "yards,

---

[8] *See In re Benzene Litigation*, 2007 WL 625054, at *7 (Del. Super. Feb. 26, 2007).
[9] *Id.*
[10] *Id.* at *10.
[11] *See id.* at *11.

4

buildings, locomotives, and along their right of ways" while employed at Defendant's Roseville, California facility.[12] Plaintiff alleges that, as a machinist, he was exposed to various toxic substances and carcinogens while maintaining and repairing locomotives. Specifically, Plaintiff alleges that his work as a machinist at Defendant's facility exposed him to the following carcinogens:

> [C]leaning solvents such as mineral spirits; diesel fuel/fume/benzene from locomotives and other diesel powered equipment; rust and other heavy metals from grinding and cutting steel on the locomotives; creosote from the railroad ties; manganese from the electrical welding process; asbestos insulation and asbestos brake shoe dust and; rock dust from railroad ballast.[13]

10. Viewing the complaint as a whole, the Court finds that Plaintiff sufficiently alleges that he was exposed to toxic substances and carcinogens while working at Defendant's facility in Roseville, California. Plaintiff described the location at issue, the toxic substances to which he was exposed at that location, and the activities he performed that gave rise to the exposure.[14] These allegations are sufficient to put Defendant on notice of Plaintiff's claim and to be able to craft a responsive pleading.

11. In addition, the Court rejects Defendant's argument that Plaintiff failed to show compliance with the applicable statute of limitations. This case arises under

---

[12] Pl's Compl. at ¶ 6.
[13] Pl.'s Compl. at ¶ 7.
[14] *See In re Benzene Litigation*, 2007 WL 625054 at *10-*11.

the Federal Employers Liability Act ("FELA"), which requires that actions be brought within three years from the date the cause of action accrued.[15]  In cases such as this, where the plaintiff may have been exposed to toxic substances years before any symptoms arise, the United States Supreme Court has adopted a "discovery rule" for determining the date the cause of action accrued.[16]  Under the "discovery rule" the statute of limitations "begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."[17]

12.    To that end, Plaintiff alleges, "Less than three (3) years before Plaintiff's Complaint was filed he first discovered that his cancer was caused or contributed to by the negligence of the Defendant."[18]  Plaintiff's allegation is consistent with the "discovery rule" and is sufficient at this early stage of the litigation to show compliance with the statute of limitations.

13.    Defendant argues that Plaintiff has the burden of proving compliance with the statute of limitations in this FELA cause of action.  However, the cases that Defendant relies on to make this argument do not support the conclusion that Plaintiff must definitively prove compliance with the statute of limitations at this

---

[15] 45 U.S.C. § 56.

[16] *See Matson v. Burlington Northern Santa Fe R.R.*, 240 F.3d 1233, 1235 (10th Cir. 2001) (citing *United States v. Kubrick*, 444 U.S. 111, 121-23 (1979)).

[17] *Id.* (quoting *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994)).

[18] Pl.'s Compl. at ¶ 15.

early stage of the litigation.[19] In addition, Defendant has not cited to any case wherein the court granted a motion to dismiss solely on the basis that the plaintiff failed to prove compliance with the statute of limitations.[20]

14.	Plaintiff's complaint contains sufficient allegations regarding the toxic substances to which he was exposed to put Defendant on notice of the claim and to allow Defendant to frame a responsive pleading. In addition, Plaintiff's allegation regarding compliance with the statute of limitations is sufficient to meet Plaintiff's burden at this early stage of the litigation. Therefore, Defendant's motion to dismiss must be denied.

---

[19] In *Matson*, the district court granted the defendant's motion for summary judgment on statute of limitations grounds after discovery had taken place. In *Frasure v. Union Pacific R. Co.*, 782 F.Supp. 477 (C.D. Cal. 1991), the district court again granted a defendant's motion for summary judgment on statute of limitations grounds based on its finding that the plaintiff would not be able to prove compliance with the statute of limitations at trial. In *Huffman v. Union Pacific Railroad*, 675 F.3d 412 (5th Cir. 2012), the Fifth Circuit reversed and remanded to the district court for judgment in favor of the defendant based on its finding that there was a lack of evidence on causation at trial.

[20] Defendant cites *Tompkins v. Union Pacific R. Co.*, 2012 WL 4643099 (E.D. Cal. 2012) for its argument that "courts have granted motions to dismiss where plaintiffs fail to plead facts to show that the underlying litigation is within FELA statutes of limitations." However, in *Tompkins*, the plaintiff conceded that he could not show compliance with the statute of limitations and was arguing that an equitable doctrine should apply. Therefore, *Tompkins* does not support Defendant's position.

**NOW, THEREFORE,** this 20th day of November, 2017, Defendant's Motion to Dismiss or for a More Definite Statement is hereby **DENIED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**